UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WELSH, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br> Defendant. | Case No. CV 17-4565 JC <br><br> MEMORANDUM OPINION |

## I. SUMMARY

On June 21, 2017, plaintiff James R. Welsh filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 23, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 30, 2013, and January 31, 2014, plaintiff filed an application for Supplemental Security Income and an application for Disability Insurance Benefits, respectively, alleging disability beginning on May 21, 2012, due to problems with his lower back, shoulder, and feet, and high blood pressure. (Administrative Record ("AR") 13, 92, 98, 115,). The ALJ examined the medical record, and on August 7, 2015, heard testimony from plaintiff and a vocational expert. (AR 24-46).

On October 23, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 13-20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with moderate to severe spinal stenosis, status post motorcycle accident with residual back, shoulder and knee pain, and hypertension (AR 15); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 16); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 16); (4) plaintiff could not perform any past relevant work (AR 18); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically Information

---

[1] The ALJ determined that plaintiff (i) could do occasional climbing, but no climbing of ladders, ropes or scaffolds; (ii) could do occasional stooping and kneeling, but was precluded from crouching or crawling; and (iii) "after every 30 minutes, while staying on task, the [plaintiff] needs to stretch or stand at work station for no more than a couple of minutes." (AR 16).

Clerk, Cashier II, and Assembler (Small Products I) (AR 19-20); and
(6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were "generally not credible" (AR 18).

On April 20, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

**B.    Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

///
///
///

## IV. DISCUSSION

### A. The ALJ's Findings at Step 5 Are Free of Material Error

Plaintiff appears to contend that the ALJ erred at step five in finding that plaintiff could perform the representative occupations of Information Clerk, Cashier II, and Assembler (Small Products I) (collectively "representative occupations") because the requirements of such occupations are inconsistent with plaintiff's abilities. (Plaintiff's Motion at 4-13). A reversal or remand is not required on this basis.

#### 1. Pertinent Law

At step five, the Commissioner must prove that other work exists in "significant numbers" in the national economy which could be done by an individual with the same residual functional capacity, age, education, and work experience as the claimant. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(a)(4)(v) & (g), 404.1560(c); 20 C.F.R. §§ 416.920(a)(4)(v) & (g), 416.960(c); Heckler v. Campbell, 461 U.S. 458, 461-62 (1983); see Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (describing legal framework for step five) (citations omitted).

One way the Commissioner may satisfy this burden is by obtaining testimony from an impartial vocational expert (alternatively, "VE") about the type of work such a claimant is still able to perform, as well as the availability of related jobs in the national economy. See Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016) (citation omitted); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01). When a vocational expert is consulted at step five, the ALJ typically asks the VE at the hearing to identify specific examples of occupations that could be performed by a hypothetical individual with the same characteristics as the claimant. Zavalin, 778 F.3d at 846 (citations omitted); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012) (citations omitted). The VE's responsive testimony may constitute substantial evidence of a

claimant's ability to perform such sample occupations so long as the ALJ's hypothetical question included all of the claimant's limitations supported by the record. See Hill, 698 F.3d at 1161-62 (citations omitted); Robbins v. Social Security Administration, 466 F.3d 880, 886 (9th Cir. 2006) (citation omitted).

A VE's testimony generally should be consistent with the Dictionary of Occupational Titles ("DOT").[2] See Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017) ("Presumably, the opinion of the VE would comport with the DOT's guidance."); see generally Gutierrez, 844 F.3d at 807 (DOT "guides the [ALJ's] analysis" at step five). To the extent it is not – *i.e.*, the VE's opinion "conflicts with, or seems to conflict with" the DOT – an ALJ may not rely on the VE's testimony to deny benefits at step five unless and until the ALJ has adequately resolved any such conflict. Gutierrez, 844 F.3d at 807 (citing Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 (2000)); Rounds, 807 F.3d at 1003-04 (citations omitted); SSR 00-4p, 2000 WL 1898704, at *4 ("When vocational evidence provided by a VE [] is not consistent with information in the DOT, the [ALJ] must resolve [the] conflict before relying on the VE [] evidence to support a determination or decision that the individual is or is not disabled."). In each case where VE testimony is used, an ALJ generally must affirmatively (1) ask the VE whether there is a conflict between the expert's opinions and the DOT requirements for a particular occupation; (2) "obtain a reasonable explanation for any apparent conflict"; and (3) explain in the decision how the ALJ resolved any

///

---

[2]The DOT, which is compiled by the U.S. Department of Labor, "details the specific requirements for different occupations," and is the Social Security Administration's "'primary source of reliable job information' regarding jobs that exist in the national economy." Gutierrez, 844 F.3d at 807; Zavalin, 778 F.3d at 845-46 (citing Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990)); see also 20 C.F.R. §§ 404.1566(d)(1), 404.1569, 416.966, 416.969. Neither the DOT nor a VE's opinion, however, "automatically 'trumps'" where there is a conflict. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (quoting Social Security Ruling 00-4p) (internal quotation marks omitted).

6

such conflict.  Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (quoting SSR 00-4p).

An ALJ need only resolve those conflicts that are "apparent or obvious." Gutierrez, 844 F.3d at 807-08.  A conflict is "apparent or obvious" only when VE testimony is "at odds with" DOT requirements that are "essential, integral, or expected" for a particular occupation.  Id. at 808.  The extent to which an ALJ must scrutinize a VE's opinions is highly "fact-dependent."  Lamear, 865 F.3d at 1205 (citation omitted).  For example, "less scrutiny" is required where the VE has identified a representative occupation that is "familiar" (*e.g.*, "cashiering"). Gutierrez, 844 F.3d at 808.  In such cases, an ALJ may be able to resolve a potential conflict without inquiring further of the VE – *i.e.*, based on "common experience" that it is "likely and foreseeable" that a claimant with certain limitations would still be able to perform all of the "essential, integral, [and] expected" requirements the DOT described for the particular occupation.  See, *e.g.*, id., at 807-08 (*e.g.*, no "apparent or obvious conflict" between DOT listing for "cashier" occupation which requires "frequent reaching" and VE's testimony that claimant could still work as a cashier despite her inability to reach above shoulder level with her right arm, given how "uncommon it is for most cashiers to have to reach overhead" at all).

Conversely, where a representative occupation is "more obscure," ordinarily an ALJ would not be able to resolve an apparent conflict at step five based solely on "common experience," but instead would need to ask the VE to provide a more detailed explanation for the apparently conflicting opinion.  Lamear, 865 F.3d at 1205 (footnote omitted).

**2. Analysis**

Plaintiff's Motion fails to present sufficiently specific and persuasive reasons to justify a remand on the asserted basis.

///

7

For example, Plaintiff's Motion somewhat mischaracterizes the ALJ's description of the functional limitation at issue. Specifically, the ALJ's residual functional capacity assessment for plaintiff included, among other limitations, that "after every 30 minutes, while staying on task, the [plaintiff] needs to stretch or stand at [the] work station for no more than a couple of minutes[]" (collectively "limitation at issue"). (AR 16). Plaintiff's Motion describes the limitation at issue, in part, as requiring simply "an option to alternate positions" and the "need to change position every 30 minutes and on the hour." (Plaintiff's Motion at 5, 7) (citing AR 104-07).[3] However, the plain language of the limitation at issue neither *necessarily* requires plaintiff to change *positions*, nor calls for any such position change "on the hour" in addition to every 30 minutes, as plaintiff appears to suggest. In addition, citing apparently unrelated wage/earnings reports, plaintiff also suggests that the limitation at issue might "allow[] an individual to be off task 24 minutes of the workday." (Plaintiff's Motion at 9) (citing AR 104-07). The limitation at issue, however, expressly provides that any stretching or standing would need to occur "at [the] work station" and only "while [plaintiff was] staying *on* task[.]" (AR 16) (emphasis added).

More significantly, plaintiff has not identified any conflict between a specific DOT requirement that is "essential," "integral," or "expected" for the representative occupations, and the VE's testimony that plaintiff – or a hypothetical claimant with the same characteristics as plaintiff – would be able to perform each such occupation despite the limitation at issue. Plaintiff does assert that a conflict of some kind existed between the VE's testimony and the DOT. (See Plaintiff's Motion at 5 ["the conclusion of the ALJ as to what is allowed by the demands of the [representative occupations] conflicts with the DOT"] (citation

---

[3]The pages referenced by plaintiff correspond to wage and earning reports that do not appear to be at all relevant to plaintiff's assertions. (AR 104-07).

8

omitted); Plaintiff's Motion at 7 [vocational expert's opinion "disagree[d] with the DOT"]; Plaintiff's Motion at 8 ["[T]he vocational expert testified that his testimony was consistent with the DOT when in fact it was not."] (citing AR 106); id. ["[T]here is no support for [vocational expert's] deviation from the DOT."] (citations omitted)). Plaintiff also asserts more generally that "the ALJ's assessed residual functional capacity does not allow for the performance of the identified alternative occupations[]" (Plaintiff's Motion at 4), "[t]he stretch and stand restrictions found by the ALJ do not allow for the performance of the alternative occupations identified by the ALJ[]" (Plaintiff's Motion at 5), and "[w]ithout sufficient explanation or support of substantial evidence, the ALJ found that Ms. [sic] Welsh [*i.e.*, plaintiff] is able to perform the identified alternative work activity." (Plaintiff's Motion at 8). Plaintiff's sweeping and conclusory assertions, with no citation to any helpful material in the Administrative Record, are insufficient to justify a remand here. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to ALJ's finding where claimant "failed to argue th[e] issue with any specificity in [] briefing") (citation omitted); Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (party's "bare assertion of an issue" in briefing "does not preserve a claim" on appeal) (citations omitted); DeBerry v. Commissioner of Social Security Administration, 352 Fed. Appx. 173, 176 (9th Cir. 2009) (declining to consider claim that ALJ failed properly to apply Social Security law where claimant did not argue the issue "with any specificity" in her opening brief and failed to cite "any evidence or legal authority" in support of her position) (citing Carmickle, 533 F.3d at 1161 n.2); Brollier v. Astrue, 2013 WL 1820826, at *6 & n.113 (N.D. Cal. Apr. 30, 2013) (court not required to consider "conclusory unsupported arguments" where claimant "fail[ed] to provide any analysis supporting [his position] or argue that [ALJ's alleged error] would necessarily have altered the ALJ's ultimate

determination") (citation omitted); <u>Moody v. Berryhill</u>, 245 F. Supp. 3d 1028, 1032-33 (C.D. Ill. 2017) ("The Court 'cannot fill the void [in a claimant's analysis] by crafting arguments and performing the necessary legal research.'") (citation omitted); <u>Rogal v. Astrue</u>, 2012 WL 7141260, *3 (W.D. Wash. Dec. 7, 2012) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (citations omitted), <u>report and recommendation adopted</u>, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), <u>aff'd</u>, 590 Fed. Appx. 667 (9th Cir. 2014); <u>see also</u> <u>Carmen v. San Francisco Unified School District</u>, 237 F.3d 1026, 1030-31 (9th Cir. 2001) (on summary judgment parties must provide citations to location in record where specific facts may "conveniently be found" and court may limit its review to those parts of the record the parties have "specifically referenced"); <u>Keenan v. Allan</u>, 91 F.3d 1275, 1279 (9th Cir. 1996) (district court not required to "scour the record" on summary judgment where party has failed to identify specific record evidence with reasonable particularity) (citations omitted).

In addition, without more, the mere fact that the DOT listings for the representative occupations "do[] not discuss" the limitation at issue does not, as plaintiff appears to suggest (Plaintiff's Motion at 5, 9), necessarily establish that there was any conflict between the VE's testimony and the DOT, much less one that the ALJ was required affirmatively to address. <u>Cf.</u> <u>Gutierrez</u>, 844 F.3d at 808 ("For a difference between [a vocational] expert's testimony and the [DOT] listings to be fairly characterized as a conflict, it must be obvious or apparent."); <u>Corbin v. Berryhill</u>, 2017 WL 5495514, *3 (C.D. Cal. Nov. 15, 2017) ("The Ninth Circuit has not addressed in a published decision the question of whether an apparent conflict with the DOT arises when the DOT is silent as to a particular mental or physical requirement."). Cases plaintiff cites which involve "an as needed sit/stand option" do not appear to be applicable and/or are distinguishable.

(See Plaintiff's Motion at 8-10). Court opinions and related authority generally suggest that a "sit/stand" option would allow a claimant, *at-will* throughout the day, to alternate between sitting and standing and for possibly lengthy periods of time each, and with no limitation that the claimant remain at the work station and/or be on task in the transitions. See, e.g., Buckner-Larkin v. Astrue, 450 Fed. Appx. 626, 627 (9th Cir. 2011) ("sit-stand option . . . most reasonably interpreted as [work that would require] sitting or standing '*at-will*'") (emphasis added); SSR 83-12, 1983 WL 31253, *4 (noting worker who needs to alternate sitting and standing (*i.e.*, a sit-stand option) would likely "sit *for a time*, [and] then get up and stand or walk *for awhile* before returning to sitting") (emphasis added). In stark contrast, the limitation at issue would only permit plaintiff to stretch and/or stand twice an hour for brief periods of time (*i.e.,* "a couple of minutes"), and plaintiff would need to remain at the work station and stay on task in the process. (AR 16).

Moreover, whether an obvious or apparent conflict exists depends on the facts of each particular case. Lamear, 865 F.3d at 1205 ("Of course, '[t]he requirement for an ALJ to ask follow up questions is fact-dependent[.]'"); see also Corbin, 2017 WL 5495514 at *3 ("[D]eclin[ing] to find that a conflict always exists when the DOT is silent and instead adopt[ing] a case-by-case approach.") (citing Wester v. Colvin, 2015 WL 4608139, *5 (C.D. Cal. July 31, 2015) ("[W]hen a VE relies on a functional limitation about which the DOT is silent or unclear, a conflict may exist depending upon the circumstances of the case.")). Here, plaintiff has not identified any specific facts in the instant case which reflect a material conflict, and thus plaintiff fails to persuade this Court that the ALJ's step five findings are erroneous in any material way.

Accordingly, a reversal or remand on this basis is not warranted.

///
///
///

1 **B. The Medical Opinion Evidence Presented for the First Time to
2   the Appeals Council Does Not Require a Remand**

Plaintiff's Motion also appears to claim that a reversal or remand is warranted because the ALJ improperly rejected medical opinion evidence from one of plaintiff's treating physicians that was presented for the first time to the Appeals Council. (Plaintiff's Motion at 13-17). The Court disagrees.

**1. Pertinent Law**

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion,

an ALJ may reject the treating physician's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

### 2. Analysis

Here, plaintiff submitted additional medical records to the Appeals Council in connection with his request for review of the ALJ's decision, including: (1) a Residual Functional Capacity Questionnaire dated January 4, 2016, in which a treating physician, Dr. Geetha V. Gabbita, essentially opined that plaintiff's impairments and related limitations would prevent plaintiff from performing even sedentary work (collectively "Dr. Gabbita's Opinions") (AR 398-99); and (2) Dr. Gabbita's treatment notes for plaintiff (collectively "Gabbita Treatment Notes") (AR 401-410).[4] Plaintiff appears to contend that the ALJ failed properly to consider Dr. Gabbita's Opinions and/or unspecified opinions in the Gabbita Treatment Notes. (Plaintiff's Motion at 13-18). Nonetheless, Plaintiff's Motion again does not provide any sufficiently specific and persuasive legal argument that would justify a remand in the instant case. For instance, plaintiff wrote that he "takes issue with the ALJ's consideration and rejection of the treating opinions

---

[4]To the extent the Appeals Council considered Dr. Gabbita's Opinions and Treatment Notes in deciding whether to review the ALJ's decision, this Court also must consider such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error. See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1162-63 (9th Cir. 2012); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

13

from Dr. []Gabbita," and that "[i]n doing so, the ALJ failed to articulate a legally sufficient rationale to reject the opinion [sic]." (Plaintiff's Motion at 13) (citing AR 397-99, 400-10). Plaintiff, however, does not identify which specific opinions from Dr. Gabbita the ALJ improperly rejected, but instead simply cites to all of Dr. Gabbita's Opinions and the Gabbita Treatment Notes collectively. Id. Such sweeping and conclusory argument is insufficient to justify a remand here. See Carmickle, 533 F.3d at 1161 n.2 (citation omitted); Estakhrian v. Obenstine, 233 F. Supp. 3d 824, 836 (C.D. Cal. 2017) (court need not search for comprehensible claims in "the noodles" of party's "spaghetti approach" legal argument which metaphorically "heave[s] the entire contents of a pot against the wall in hopes that something would stick[]") (citing Independent Towers of Washington, 350 F.3d at 929; internal quotation marks omitted).

Plaintiff also asserts that the ALJ's decision contains "legal error" essentially because the ALJ "rejects Dr. Gabbita's opinion[] . . . [with] no basis for the rejection[,] . . . discusses Dr. Gabbita but does not explain why Dr. Gabbita's opinion is not valid[,] . . . does not cite to any legitimate evidentiary basis to support his rejection of Dr. Gabbita[,] [and] . . . simply substituted his own lay opinion for that of the medical professional. . . ." (Plaintiff's Motion at 15) (citing AR 16-18). Nonetheless, as noted above, plaintiff submitted Dr. Gabbita's Opinions and Treatment Notes to the Appeals Council after the ALJ's decision had already been issued. Hence the ALJ could not have addressed Dr. Gabbita's Opinions in the decision at all, and had no opportunity to "reject[,]" much less "explain" why Dr. Gabbita's Opinions may have been "not valid," as plaintiff asserts. Similarly, plaintiff also argues that the ALJ was "wrong" to "state[] that the administrative record contains no function by function assessments from [plaintiff's] treating physicians" given Dr. Gabbita's Opinions. (Plaintiff's Motion at 16). Plaintiff fails to demonstrate that the ALJ's challenged statement was erroneous, however, at a minimum since it appears that Dr. Gabbita's Opinions did

14

not exist at all when the ALJ issued the decision.  (Compare AR 20 [ALJ's decision dated October 23, 2015] with AR 399 [Dr. Gabbita's Opinions dated January 4, 2016]).  Such conclusory argument fails to persuade the Court that a remand is warranted in the case.  See Independent Towers of Washington, 350 F.3d at 929 (citations omitted); DeBerry, 352 Fed. Appx. at 176 (citing Carmickle, 533 F.3d at 1161 n.2); Moody, 245 F. Supp. 3d at 1032-33 (C.D. Ill. 2017).

      Furthermore, plaintiff has not shown that the ALJ's decision was at all deficient in light of Dr. Gabbita's Opinions and Treatment Notes and the record as a whole.  First, plaintiff points to no evidence that Dr. Gabbita's Opinions (dated January 4, 2016) contain significant evidence that is probative of any relevant period of time addressed in the ALJ's decision issued several months earlier.  Indeed, the cover letter which was submitted to the Appeals Council with the Gabbita Treatment Notes suggests that they are not.  (See AR 401 [expressly requesting that transmittal of Gabbita Treatment Notes be "construe[d] . . . [as a] *new* application [for benefits] based on *new* evidence that may *not* relate back in time to the period adjudicated by [the ALJ]"]) (emphasis added).  Dr. Gabbita's Opinions could be rejected on such basis alone.  See Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989) (rejecting treating physician's opinion because it was inconsistent with contemporaneous medical notes and claimant had obtained the opinion after an adverse ALJ determination); cf. Freeman v. Apfel, 208 F.3d 687, 691 (8th Cir. 2000) (Where treating physician's evidence "did not pertain to [claimant's] condition during the relevant period [of disability] and was inconsistent with other substantial evidence that did pertain to the relevant period, the ALJ was under no obligation to give [the treating physician's] opinion controlling weight.") (citations omitted); Lind v. Commissioner of Social Security, 2008 WL 4370017, *14 (S.D. Cal. Sept. 24, 2008) (same; citing, *inter alia*, id.), aff'd 370 Fed. Appx. 814 (9th Cir. 2010); see generally Vincent v. Heckler, 739

///

F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he rejects "significant probative evidence.") (citation omitted).

Second, plaintiff points to no objective clinical or diagnostic findings in Dr. Gabbita's Treatment Notes or elsewhere in the record which provide any support for the extreme functional limitations identified in Dr. Gabbita's mostly check-box opinions. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Jonker v. Astrue, 725 F. Supp. 2d 902, 909 (C.D. Cal. 2010) ("[T]he ALJ can discredit a physician's opinion if it is conclusory, brief, and unsupported by medical evidence.") (citing Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)). Plaintiff's conclusory assertion that "review of the record as a whole, including the complete treating opinion, demonstrates that the ALJ's disregard of the limiting effects of the mental [sic] impairments on [plaintiff] are not supported by the record and not free from legal error" (Plaintiff's Motion at 17) is insufficient to justify a remand for further proceedings.

Finally, in any event, Dr. Gabbita's Opinions appear to be entirely based on plaintiff's subjective complaints of "back pain" (AR 398-99) which, without more, are insufficient to establish the existence of any medically determinable impairment. See Bayliss, 427 F.3d at 1217 (ALJ may reject medical opinion that is based solely on claimant's subjective complaints and information submitted by claimant's family and friends); see also Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) ("[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone.") (citations omitted); 20 C.F.R. §§ 404.1508, 416.908 ("A physical or mental impairment must be established by

///
///
///

16

medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms[.]").

Accordingly, a reversal or remand on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 13, 2018

                                              /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE